MARY E. BELLES
v.
WALLACE ANDERSON.

*Landlord and Tenant—Holding Over—Ejectment—Penal Statutes—
Evidence—Instructions—Sec. 2, Chap. 80, R. S.*

1.   An instruction should be refused where there is nothing in the evidence upon which to predicate it.
2.   Courts will not extend statutory acts imposing penalties beyond the cases provided for by them.
3.   A demand in writing for possession is essential to the recovery of the penalty of double rent for wilfully holding over after the expiration of a tenancy.

[Opinion filed September 20, 1890.]

APPEAL from the Circuit Court of Vermillion County; the Hon. E. P. VAIL, Judge, presiding.

Mr. J. W. KEESLAR, for appellant.

Mr. G. W. SALMANS, for appellee.

WALL, J.   This was an appeal from a justice of the peace. Upon a trial by jury in the Circuit Court there was a verdict for the plaintiff for $30.   Judgment followed and an appeal is prosecuted to this court.   We think there is no just ground to set aside the judgment so far as the testimony is concerned.   There was conflict in the proof and it was settled by jury, probably in accordance with the merits.   The only question of law arises upon the refusal of the court to give the following instruction asked by defendant, to be applied to one of the items in her cross-account against the plaintiff.

" The court further instructs the jury if they believe from the evidence that the plaintiff wilfully held over after the termination of his lease, and was ejected from the premises by a writ of restitution in the hands of an officer, then the defendant is entitled to recover double rent under the statute for the

time the plaintiff held over after the termination of the lease."

Technically the instruction was faulty because it omitted the element of a demand in writing for possession, which is essential to the recovery of the penalty of double rent for wilfully holding over after the expiration of the tenancy. Sec. 2, Chap. 80, R. S.; Chapman v. Wright, 20 Ill. 120.    The tenancy for the first year ended on the 5th of April, and the notice was not given until the 10th, so that there was a period of five days for which single rent only would be recoverable.

As was remarked by the Supreme Court in Chapman v. Wright above cited, this provision of the statute is highly penal and the courts will not extend acts imposing penalties beyond the very cases provided for.    Regarding the facts of the case it would seem very doubtful whether they bring the tenant in the present instance within the statute.

True he held over after his term expired, but it was upon the supposition that he had an agreement for another year; and though it turned out in the end that the landlord was entitled to the possession, and that the tenant had not so complied with the conditions agreed upon as to give him the right to remain, yet we are inclined to the opinion that there was not such a wilful holding over after the end of the term, and after demand in writing, as contemplated by the statute. Hence it was proper to refuse the instruction because there was nothing in the evidence upon which to predicate it.    The judgment will be affirmed.                    *Judgment affirmed.*