[No. 219. Decided July 8, 1891.]

## ELIJAH LEISURE v. WILLIAM H. KNEELAND AND F. P. KNEELAND.

### INSOLVENCY—DISCHARGE—FORECLOSURE OF MORTGAGE.

Where a decree of foreclosure was rendered against a debtor a few days subsequent to his discharge in insolvency, but before the order of discharge was entered, and the debtor failed to apply to the court to limit plaintiff's recovery in the foreclosure proceedings to the proceeds of sale thereunder, the discharge will not prevent a recovery of any deficiency remaining after sale of the mortgaged premises.

*Appeal from Superior Court, Mason County.*

The facts are sufficiently stated in the opinion.

*C. W. Hartman,* for appellant.

*Allen & Ayer,* for appellees.

The opinion of the court was delivered by

SCOTT, J.—In December, 1884, the respondents filed petitions under the insolvent debtor act, in the territorial

district court of the second judicial district holding terms at Olympia, to procure a discharge from their indebtedness, and on June 9, 1885, they each obtained an order in said proceedings discharging them as prayed for. These orders were entered on the journal of said court June 17, 1885. Prior thereto an action was pending against them in said court, brought by appellant, to recover the amount due upon a certain note executed to him by the respondents, and to foreclose a mortgage upon lands given to secure the payment thereof. On June 16, 1885, judgment was ren-' dered in the foreclosure suit in favor of appellant for the full amount of the mortgage debt, with interest thereon, thereafter, at the rate of eight per cent. per annum. A sale of the lands mortgaged was ordered, and the proceeds arising therefrom directed to be applied upon the judgment. July 27, 1885, the real estate was sold, and the proceeds applied accordingly, leaving a balance of said judgment amounting to $1,293.95 unsatisfied. August 12, 1889, appellant brought this suit to recover another judgment for said balance. The respondents answered, admitting that the judgment was obtained against them, and that the balance claimed had not been paid, but set up their discharges obtained in the insolvency proceedings as a bar to the action. Appellant replied, alleging fraud upon the part of respondents in procuring their discharges, and denying that his claim was among those included therein. A trial by jury was had, resulting in a verdict and judgment for the respondents.

No question was raised as to whether such an action would lie upon a domestic judgment. The main point raised by appellant being sufficient to dispose of the case, other questions presented will not be passed upon. Appellant contends that the discharges in insolvency were prior in point of time to the judgment rendered in the foreclosure suit, and that consequently they constituted no

defense to this action.  This point is well taken.  The discharges took effect June 9, 1885, the day they were granted, and not at the later day, when they were entered in the journal.  The appellant's said action was then pending, and, had the respondents been entitled to a release therein from any liability for a deficiency that might remain after a sale of the mortgaged lands, to have availed themselves thereof they should have applied to the court to limit the appellant's recovery therein to the proceeds of such sale.  This was not done, and, the appellant's judgment being subsequent to the discharges, it was not barred thereby, even though such discharges were regularly obtained.  See *Rahm v. Minis,* 40 Cal. 421.

Judgment reversed.

ANDERS, C. J., and HOYT, DUNBAR, and STILES, JJ., concur.