ATTORNEY GENERAL *vs.* VINEYARD GROVE COMPANY.

Suffolk. March 14, 1902. — May 23, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, HAMMOND, & LORING, JJ.

*Vineyard Grove Company. Statute,* Construction. *Easement,* Dedication, Adverse possession.

St. 1870, c. 110, creating the Vineyard Grove Company and authorizing it to hold land, and with the approval of the harbor commissioners to construct and maintain a wharf or wharves in tide water, and St. 1896, c. 299, confirming the right of that company to hold real estate theretofore conveyed to it and to maintain structures in tide water, do not enlarge the rights of that company as against the public and permit it to maintain a structure in violation of a dedication to the public made by its predecessor in title. Still less can a license granted by the harbor and land commissioners in pursuance of those statutes have that effect, the license containing a provision that nothing in it " shall be so construed as to impair the legal rights of any person."

The right to have land unbuilt upon within reasonable limits for purposes of light, air and prospect can be acquired by dedication.

If the right of the public acquired by dedication to use a certain beach and to have the view from the bluffs above it kept clear, could be barred by adverse possession, the maintenance of a building on the bluff called a pavilion or pagoda, and of bathing houses and a wharf on the beach below, all contemplated in the plan of dedication, not substantially interfering with the tract or the view from above it and naturally incidental to the public use, does not show an intent to exclude the public from any portion of the tract which the structures do not occupy, and the existence of the structures, however long maintained, could not be made the foundation of a right more extensive than over the ground actually occupied by them.

INFORMATION by the Attorney General, filed March 22, 1897, to establish the dedication of the shore front of a tract of land

developed by the Oak Bluffs Land and Wharf Company in forming the town of Cottage City and afterwards acquired by the defendant under the statutes named by the court, praying that the defendant be enjoined from conveying any portion of the beach or interfering in any way with its public use, and that the defendant be commanded to remove every structure upon the beach extending above the bluff adjoining it.

The case came on to be heard before *Morton*, J., who overruled the defendant's exceptions to the master's report, so far as they related to questions of fact, the defendant excepting thereto, and reserved the case for the consideration of the full court upon the pleadings, the master's report, the exceptions of both parties thereto, and the defendant's above exception, such disposition to be made of the case as to the full court should seem meet.

*G. W. Cox*, (*W. M. Butler* with him,) for the plaintiff.

*W. H. Powers*, for the defendant.

HOLMES, C. J.    This is an information for the purpose of removing a structure alleged to be an encroachment upon land dedicated to the public.    The structure complained of is a building which rises above the edge of a bluff facing the sea in Cottage City, Martha's Vineyard, and is built upon land found by the master to have been dedicated to the public by the defendant's predecessor in title.    It also interferes with the view from the bluff which was embraced in the dedication.    The master reports that there should be a decree for the removal of so much of the building as rises above the level of the edge of the bluff. We will deal with the defences in the order in which they were presented by the defendant.

In the first place it is said that the defendant is authorized to build such buildings as it deems advisable on the land in question by its charter and a later act.    St. 1870, c. 110, § 2.    St. 1896, c. 299.    But these acts have no such purport.    They define the powers of the corporation within the limits of its title, but they do not confer a title.    They no more purport to renounce rights of the public than to exercise the power of eminent domain over private rights.    So as to a license from the harbor and land commissioners granted in pursuance of these statutes.    Indeed, this license provides in terms that nothing in it "shall be so construed as to impair the legal rights of any

person." A different construction would not be given to these statutes unless it was plainly necessary, whereas here the more limited meaning is plain. *Old Colony Railroad* v. *Framingham Water Co.* 153 Mass. 561, 563. It is unnecessary to consider whether it would have been within the power of the Legislature thus to give to a private person for no public use the rights acquired by dedication. *New Orleans* v. *United States,* 10 Pet. 662, 720, 723. *Railroad Co.* v. *Schurmeir,* 7 Wall. 272, 289, 290. *Davenport* v. *Buffington,* 97 Fed. Rep. 234, 239.

Next it is said that the master should have ruled that there could be no dedication for the purpose of a view, as against the plaintiff's contention that one of the purposes of the dedication was to keep the view of the sea unobstructed. The analogy relied on is the rule that a right of prospect cannot be acquired by prescription. The question does not appear to be open in this broad form, but it may be answered. The right to have land unbuilt upon within reasonable limits, for purposes of light, air and prospect can be acquired by grant, *Ladd* v. *Boston,* 151 Mass. 585, and dedication stands on the principles of grant, not on those of prescription. If it ever is consistent with public policy to have the individual appropriation of land thus restricted, there can be few objects which offer such strong reasons for encouraging the restriction as does that of keeping open the line of the shore and the view of the sea for all. See *Higginson* v. *Nahant,* 11 Allen, 530 ; *Attorney General* v. *Abbott,* 154 Mass. 323, 328.

The defendant founds an argument upon the chain of deeds under which it holds. We assume that the defendant owns the fee of the land, but the fact that it does so is consistent with the public right. The line of deeds taken by itself might lead to the conclusion that the land had been held adversely to any public rights, but we have not all the evidence before us and have no reason to doubt that the master's finding was correct. There is nothing to show that the locus could not be dedicated to the public.

The defendant set up a title freed by adverse possession from the public right. It is unnecessary to consider whether or how far it could bar the public right in that way. See *New Salem* v. *Eagle Mill Co.* 138 Mass. 8; *Attorney General* v. *Tarr,* 148

Mass. 309; Pub. Sts. c. 54, § 1; c. 196, § 11; R. L. c. 53, § 1; c. 202, § 30. It is enough to say that there was no evidence of such possession for a sufficient time. The building complained of was not erected until 1896. The defendant argues that the whole land above high water mark has been held by its predecessors in title and itself adversely to the public. The chief facts relied on, a building on the bluff called a pavilion or pagoda, bathing houses, and a wharf, were contemplated in the plan of dedication. But apart from that, these and a railroad under the bluff and any other matters shown were quite insufficient to express and obviously did not embody an intent to exclude the public from any portion of the tract in question which they did not occupy. The tract and the view from above it were left substantially uninterfered with, and the structures for the most part were naturally incidental to the public use. However long maintained they could not be construed to establish a right more extensive than over the ground actually occupied by them. See *Kerslake* v. *Cummings,* 180 Mass. 65, 68; *New Orleans* v. *United States,* 10 Pet. 662, 715, 716. There is nothing else argued by the defendant that calls for special remark.

The master reports that the defendant should be ordered to remove so much of the building as is above the level of the bluff. In view of this finding we are not prepared to say that so much of the building as is below the level may not be consistent with the scheme of the dedication. But it is plain that the defendant has no general right to build upon the tract in question, and no right such as it claims by its answer to exclude the public from the tract. An injunction may be framed to cover these points.

*Decree for plaintiff.*