## MEYER et al. v. WHITE.

No. 9611—Opinion Filed Oct. 5, 1920.

(Syllabus by the Court.)

1. **Landlord and Tenant—Action Against Tenant for Holding Over—Measure of Damages.**

Under sections 2880, 2881, Rev. Laws 1910, a landlord may maintain an action against a tenant for willfully holding over real property after the end of his term and after notice to quit has been duly given and demand of possession made, and the measure of damages is double the yearly value of the property for the time of withholding, in addition to compensation for the detriment occasioned thereby, and this is true, regardless of the length of the term for which the premises were let.

2. **Appeal and Error—Necessity for Exceptions—Instructions.**

Where no exceptions are taken to the giving or refusing of instructions at the trial, the parties are concluded by their failure to take exceptions, and the appellate court cannot examine them.

3. **Statutes—Construction.**

Section 4642, Rev. Laws 1910, provides: "The common law, as modified by constitutional and statutory law, judicial decisions and the condition and wants of the people, shall remain in force in aid of the general statutes of Oklahoma; but the rule of the common law, that statutes in derogation thereof, shall be strictly construed, shall not be applicable to any general statute of Oklahoma; but all such statutes shall be liberally construed to promote their object."

4. **Appeal and Error—Review—Verdict—Sufficiency of Evidence.**

In a civil action, triable to the jury, where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudical errors of law are shown in the instructions of the court, or its ruling on law questions presented during the trial, the verdict and finding of the jury will not be disturbed on appeal.

Error from District Court, Creek County; Ernest B. Hughes, Judge.

Action by R. S. White against Max Meyer and another for damages for holding over real property. Judgment for plaintiff, and defendants bring error. Affirmed.

Cheatham & Beaver, for plaintiffs in error.

McDougal, Lytle, Allen & Pryor, for defendant in error.

JOHNSON, J. This is an appeal from the district court of Creek county, Hon. Ernest B. Hughes, Judge.

R. S. White, as plaintiff below, brought an action to recover rents in double the

amount of the rental value thereof under sections 2880 and 2881, Rev. Laws 1910, after notice to quit, against Max Meyer and Joe Abraham, defendants. For convenience, the parties will be referred to as plaintiff and defendants, respectively, as they appeared in the trial court.

The cause was tried to a jury and resulted in a verdict in favor of the plaintiff in the sum of $800, upon which the trial court rendered a judgment, to reverse which this proceeding in error was regularly commenced by the defendants, who say in their brief:

"Under the assignments of error there are only two questions properly raised, which are as follows: 'First, does this statute apply where the tenancy is for a period of less than a year, and does it apply in this case where the tenancy was from month to month and for a term of two months in its entirety? Was there a willful holding over after notice to quit?'"

The plaintiff's petition alleged:

"That on or about the 17th day of March, 1908, the above named defendants went into possession as tenants of plaintiff of the following described premises situate in Creek county, Oklahoma, to wit: the east room of the first floor of 50 x 90 foot two-story building on the east 50 feet of lot 1, in block 47, in the city of Sapulpa. That said possession by defendants was under oral agreement with plaintiff by the terms of which defendants were to have possession of said premises until the 17th day of May, 1908, at which date their tenancy should expire and possession redelivered to plaintiff herein. That on March 17, 1908, and at all times hereinafter mentioned plaintiff was and has been entitled to the possession of said premises and collect the rents and profits therefrom.

"2. Plaintiff further alleges that at the termination of the aforesaid period of tenancy of defendants, said defendants failed and refused to redeliver the possession of the said premises to plaintiff and have ever since said 17th day of May, 1908, wrongfully held and retained possession of said premises in violation of the rights of plaintiff herein. That on or about the 20th day of May, 1908, plaintiff served notice in writing upon defendants to quit said premises and deliver possession thereof to plaintiff, but that defendants have ever failed and refused to comply with said notice, a copy of which is hereto attached, made a part hereof and marked Exhibit 'A.' That on the 29th day of July, 1908, after due notice, plaintiff herein sued defendants herein before a justice of the peace in unlawful detainer for the possession of said premises and on trial after plea of 'not guilty' by defendants, plaintiff recovered judgment; that defendants appealed to the county court of Creek county, and on trial anew in said court, plaintiff again recovered judgment, which

judgment was, on appeal by defendants, affirmed by the Supreme Court of Oklahoma on the 16th day of November, 1910.

"3. Plaintiff further alleges that by reason of the aforesaid willful and wrongful withholding of the said premises by the said defendants after the end of their term and after notice as aforesaid to quit and surrender possession, the said defendants became indebted and liable to plaintiff in damages in double the rental value of said premises for the time of withholding, to wit, from the 17th day of May, 1908, to the 15th day of January, 1911; that the rental value of said premises for said period is the sum of $4,000, and that plaintiff is entitled to recover from defendants double said sum, to wit, $8,000, which sum or any part thereof defendants have failed and refused to pay."

There was attached to the plaintiff's petition a copy of the notice to quit, marked Exhibit "A."

The defendants in their amended answer, alleged:

1. "That he denies each and every allegation of plaintiff's petition except such as are hereinafter admitted.

2. "He denies that on the 17th day of March, 1908, that he was in the possession, or the tenant of the plaintiff of the premises described in the plaintiff's petition, but says that he was in the possession of said premises under and by virtue of authority from the assignee for the benefit of creditors of plaintiff herein.

3. "Long prior to the 29th day of July, 1908, this defendant, Joe Abraham, abandoned said premises and so notified the plaintiff, the plaintiff's assignee, and the owner of the premises, and that at the time of the bringing of the unlawful detainer, mentioned in plaintiff's petition, the said defendant, Joe Abraham, was not in said premises, made no claim to the possession of said premises in the justice court or county court, as alleged in the plaintiff's petition, and has not since long prior to the bringing of said action in the justice of the peace court has possession of said premises or claimed any right, title or interest therein.

4. "Defendant, Joe Abraham, further says that prior to the 17th day of March, 1908, the plaintiff in this action, R. S. White, made an assignment of his property and surrendered possession thereof and the premises in the petition herein, and that on March 17, 1908, this defendant purchased an interest in a stock of goods from this assignee of the said R. S. White, which said stock of goods was on said date located in said building, and that this defendant temporarily retained possession of said building with the assent of assignee of the said R. S. White, until abandoned by this defendant as above alleged; that the said R. S. White had no

right, title or interest at any time during said defendant's occupancy of said premises in and to said premises.

"Wherefore, defendant prays that he have judgment in this case against the plaintiff and that the plaintiff be required to pay the costs of this action."

To this answer the plaintiff filed a reply alleging in substance:

"That said plaintiff denies each and every material allegation in said separate answers contained. For further reply herein plaintiff alleges that all the matters, things and defenses set up in the said separate answers were pleaded, and have therein determined by certain action heretofore filed and brought in the justice court of William Dye, in Creek county, state of Oklahoma, and that said matters, things, facts and defenses pleaded were, and have been formerly adjudicated in said cause on appeal to the county court of Creek county, state of Oklahoma; a true and correct copy of the judgment in said certain cause as filed and determined in the county court of Creek county, state of Oklahoma, is hereto attached, made a part hereof and marked Exhibit 'A.'

"That all the facts, matters and things alleged in separate answers have heretofore formerly been fully completely determined in said certain cause and action in the Supreme Court of the state of Oklahoma, that a true and correct copy of the opinion and findings in the Supreme Court of the state of Oklahoma is hereto attached, made a part hereof and marked Exhibit 'A.'

"Wherefore, plaintiff prays judgment as is prayed in his petition."

The sections of the statute, supra, are as follows:

2880. "For the failure of a tenant to give up the premises held by him, when he has given notice of his intention to do so, the measure of damages is double the rent which he ought otherwise to pay."

2881. "For willfully holding over real property by a tenant after the end of his term, and after notice to quit has been duly given, and demand of possession made, the measure of damages is double the yearly value of the property, for the time of withholding, in addition to compensation for the detriment occasioned thereby."

The record discloses that the plaintiff, E. S. White, brought an action for forcible detainer in the justice of the peace court and obtained a judgment therein against the defendants for the restitution of the premises. The defendants appealed to the county court, and on a trial de novo the plaintiff again recovered judgment whereupon the defendants appealed to this court, and the judgment of the county court was affirmed and mandate issued to said county court by this court in said cause. The trial court held, and we think properly so, that the question of the right of the plaintiff to the possession of the premises for the period of time in controversy herein was adjudicated by such litigation in favor of the plaintiff, and the court's instructions to the jury were as follows:

"The jury are instructed that as a matter of law it is conclusively proven in this case that the defendants, Max Meyer and Joe Abraham, went into possession of the premises described in plaintiff's petition, as the tenants of the plaintiff, and that said tenancy expired sixty days from the 17th day of March, 1908, and that the said defendants willfully held over said premises, after notice to quit had been duly given and demand of possession made, until the first day of December, 1908.

"You are, therefore, instructed that your verdict must be for the plaintiff and you will assess his recovery at double such sum as you shall find from all the evidence to be the yearly value of the property for said time from the 17th day of May, 1908, to the 1st day of December, 1908, less such sum as you shall find from the evidence, if any, that the said defendants or either of them paid to the owner of said property during said period, as rent thereon."

To these instructions the defendants saved no exceptions, and therefore we cannot consider the error of the court, if any, in giving same, nor do the defendants urge in their brief that the same was erroneous, and for that reason the defendants have waived the same. W. T. Carter & Bro. v. Missouri Mining & Lumber Co., 6 Okla. 11; Alexander et al. v. Oklahoma City, 22 Okla. 838, 98 Pac. 943; Stanard v. Sampson et ux., 23 Okla. 13, 99 Pac. 796; Straughan v. Cooper, 41 Okla. 515, 139 Pac. 265; Scott et al. v. McGirth, 41 Okla. 520, 139 Pac. 519; Cavanagh v. Johannessen, 57 Okla. 149, 156 Pac. 289; Ins. Co. v. Hawley, 46 Kan. 746, 27 Pac. 176; State v. Probasco, 46 Kan. 310, 26 Pac. 749.

The rule is thus stated in 38 Cyc. 1808, as follows:

"Where no exceptions are taken to the giving or refusing of instructions at the trial, the parties are concluded by their failure to take exceptions, and the appellate court cannot examine them."

It will be observed that this was an instruction to the jury to find for the plaintiff for a period of six and one-half months at double such sum as the jury should find from all the evidence to be the yearly value of the property, less such sum, if any, that the defendants or either of them had paid to the owner of said property during the

said period as rent thereon. The verdict of the jury was in favor of the plaintiff for $800. The testimony of the witnesses placed the rental value of the property at from $55 to $125 per month, and showed that the defendants had paid the rental to the owner of the premises during the said time at the rate of $55 per month, making an aggregate so paid of $357.50. Double the rental value at the maximum rate of $125 for such period would equal $1,625, and after applying the amount of $357.50 paid to the owner of the premises, would leave $1,267.57 that the jury would have been authorized to give the plaintiff, and the verdict would have been sustained by the evidence under the instructions of the court.

Concerning these provisions of the statutes, counsel for defendants say in their brief:

"The first question that arises in this case under the assignment of error is whether or not the statute relied upon applies under the facts in this case, and the plaintiff entitled to recover double damages for tenants holding over their term after notice to quit. * * * This is the Statute of 4 Geo. 2, and comes to us through enactments of the various states and the Legislature of this state, and well-defined construction placed thereon by the courts of the various states. In England it has always and universally been held to apply to yearly tenancies only, and has been so held to apply in this country following the English construction. * * * This statute under which the plaintiff lays his claim to recover has no application to a tenancy for less than a year. The damages recoverable is 'double the yearly value of the property.' This does not apply to tenancies for less term than yearly tenancies. * * *

"It is alleged in this case by plaintiff in his petition, that defendants entered possession of the property under an oral agreement for a term from March 17, 1908, to May 17, 1908, so that we have a tenancy from month to month for a period of sixty days. At the trial of the cause plaintiff testified that there was an agreement for sixty-day tenancy at $55 per month, and it also developed in plaintiff's testimony that plaintiff made an assignment for his creditors and defendants purchased a stock of goods belonging to plaintiff, from his assignee, and the defendants entered into possession of the building under said purchase. The rental value of the property was proven.

"It is defendant Abraham's contention that under the above statute and law cited that plaintiff White failed to make a case and the demurrer should have been sustained.

"At the close of plaintiff's testimony, page 100, the defendants offered the following motion which was overruled: 'We now move to dismiss this action because it cannot be maintained under the laws of the state of Oklahoma, it being an action to recover under a statute which prescribed a penalty of double the yearly rental value, the same being sections 2880, 2881 of the Revised Laws of Oklahoma, 1910, and this action being based upon such statutes which bars recovery in an action where the tenancy is less than a year, or as is admitted by the plaintiff in this case, to be for two months. Therefore, this action cannot be maintained, and we now move the court to dismiss this action.' And at page 101 the defendants offer the following: 'We now wish to demur to the evidence of the plaintiff because there is no competent evidence offered or introduced sufficient to sustain a judgment in favor of the plaintiff.' And at page 105 the following demurrer was offered: 'We now wish to interpose a demurrer to the evidence and suggest that it is not sufficient to become the basis of a judgment; and for the reason that the tenancy * * * as established or shown by the evidence of the plaintiff and all of the testimony with regard to the tenancy on the part of the plaintiff shows this tenant or these defendants to have held under an agreement for less than a year and not within the statute which provides double rental values because it is not a yearly tenancy nor is it such a tenancy as is embraced within the purview of said statute; our understanding being that said statute applies only to a yearly tenant and that it does not apply to a monthly or quarterly tenant or other periodical tenant for less than a year, and that the only testimony in this case shows that this tenancy, if such tenancy has been shown, comes within that provision which reads as follows: "Other periodical tenant for less than a year"; that all of the testimony with regard to the tenancy of these defendants relates to a period of sixty days, which is less than one year, and therefore, under the laws, they are not within the purview of said statute.' This demurrer was overruled.

"This cause as plead and proven not falling within the provisions of said statute, the demurrer should have been sustained and the cause dismissed."

It is quite obvious from the foregoing that the defendants rely entirely for a reversal upon the propositions that the tenancy was for a period less than a year, 60 days, and that there was no willfull holding over after the expiration thereof. In their brief they have waived all other questions.

The English statute quoted by counsel, St. 4 Geo. II, c. 28, provides:

"That in case any tenant for life, lives or years willfully holds over, he shall pay double the yearly value of the lands for such period as the same may be detained."

Counsel cite in support of their contention that the statute does not apply to tenancies for a period less than a year, the decisions of the Supreme Court of Illinois in Belles v. Anderson, 38 Ill. App. 128; Pitkin v. Lloyd, 47 Mo. App. 280; Jones et al. v. Taylor et al., 136 Ky. 39, 123 S. W. 326; Aull v. Bowling Green, etc., 130 Ky. 789; Barson v. Milligan, 191 N. Y. 306, 64 N. E. 75; 16 R. C L. 691; 24 Cyc. 1194, 22 Ann. Cas. 1912A 280, wherein it is said in the note that "this legislation was at an early period carried into the statute law, in a number of jurisdictions in the United States, and also of Canada," giving the states mentioned, supra, as among the number.

The provisions of our statute, supra, are radically different from the English statute in that our statute does not limit the right of the landlord to recover double the yearly value of real property where the tenant willfully holds over after the end of his term and after notice to quit has been duly given and demand of possession made, to an estate for life, lives, or years, these words being omitted, but apply to all estates without reference to their duration of time. This provision is in derogation of the common law, and section 4642, Revised Laws 1910, provides that:

"The common law, as modified by constitutional and statutory law, judicial decisions and the condition and wants of the people, shall remain in force in aid of the general statutes of Oklahoma, but the rule of the common law, that statutes in derogation thereof, shall be strictly construed, shall not be applicable to any general statute of Oklahoma; but all such statutes shall be liberally construed to promote their object."

It is therefore apparent that the authorities cited by counsel as controlling in the instant case are not in point, and have but little, if any, application to the facts in the instant case. Moreover, the English courts do not uniformly hold that the English statute in all cases applies to estates for years or for life only. In the English case of Soulsby v. Neving, 9 East. 311, it was said:

"After a landlord has recovered in ejectment against his tenant, he may maintain an action of debt by virtue of 4 Geo. II, for double the yearly value of the premises, during the time the tenant held over after the expiration of the landlord's notice to quit"—citing in support thereof, Wright v. Smith, 5 Esp. 203, Doe v. Batten, 1 Cowp. 243.

Also, the Supreme Court of Kentucky, in the case of Beynroth v. Mandeville, 5 Bush. 584, uses this language:

"The statute * * * is not so much penal as compensatory—not so much to punish a delinquent tenant as to indemnify a disappointed landlord for the vexations and losses resulting from a tortious detention of that which it may be often very important otherwise to dispose of, and from, also, expensive litigation. There is no reason, therefore, for any other than a rational and consistent interpretation of the statute."

We think there is no merit in the defendants' contention that the provisions of our statutes have no application in case of tenancy for less duration than for "life, year or years."

The record discloses that one of the tenants, Max Meyer, had remained continuously in possession of the premises up to the time of the trial. It is apparent from the record that the trial court safeguarded the rights of the defendants in holding over after December 1, 1908, in paragraph 4 of his instructions to the jury; however, the defendants saved no exceptions to the same and no complaint is made in their brief in relation thereto.

From an examination of the entire record, it does not appear to us that any of the errors complained of by the defendants have probably resulted in a miscarriage of justice or constitute a substantial violation of any constitutional or statutory right. Section 6005, Revised Laws 1910. The judgment of the trial court is therefore affirmed.

KANE, PITCHFORD, McNEILL, and BAILEY, JJ., concur.