## BEN COOPER MOTOR CO. v. AMEY.

No. 19669.   Opinion Filed Dec. 23, 1930.

Saunders & Emerick, for plaintiff in error.

Goode, Dierker & Goode, for defendant in error.

HEFNER, J.   Theodore Amey, the defendant in error, hereinafter called plaintiff, brought this action against the Ben Cooper Motor Company, plaintiff in error, hereinafter called defendant, in the superior court of Pottawatomie county and alleged that he was the owner of a Ford car and while the car was not in his possession the defendant took possession of it and converted the same, and alleged that it was worth $200 and asked for a judgment of that amount in actual damages and $500 in punitive damages. The defendant filed a general denial.

After the pleadings had been settled and all motions disposed of, the case was tried to the court and jury and a verdict was returned against the defendant in the sum of $75.

The assignments of error argued by the defendant are as follows:

(1) That said court erred in overruling the motion of plaintiff in error for a new trial.

(2) Said court erred in overruling the motion of the plaintiff in error for a directed verdict.

(3) Said court erred in overruling the demurrer of the plaintiff in error to the evidence of the defendant in error.

It is the contention of the defendant that its demurrer and motion should have been sustained for the reason that the evidence and all the inference to be drawn therefrom showed that the plaintiff had no interest in this car and that it had been owned by Enoch Amey, the father of the plaintiff, who had executed a mortgage on it to the defendant, and that Enoch Amey had no right to sell the car without permission in writing from the defendant, the mortgagee of the car.

The evidence discloses that Enoch Amey, the father of the plaintiff, purchased the car and made a payment of $25 and executed notes and mortgage to secure the notes for the balance due in the sum of approximately $138, and on one of the notes there was a $25 credit at the time the car was purchased by the plaintiff. After the sale of the Ford, Enoch Amey, the father, bought a Dodge car from the defendant, and according to plaintiff's theory the father

wanted to trade the Ford in on the Dodge and the defendant would not give him credit for what he had already paid on the Ford. The father did buy the Dodge and the plaintiff thereafter made payment on the Ford car to the defendant in the sum of $93. This was all the balance due thereon except $20. In reference to the making of the trade with the defendant for the car the plaintiff testified as follows:

"My father bought a Dodge from him and wanted to turn the Ford back in on the Dodge, and Mr. Cooper didn't want to allow him anything on what he paid for it. I told him I wanted the Ford, and so my father would not lose money I would take the Ford and finish paying it out. And he told me that was all right; so I taken the Ford."

The testimony of the father of the plaintiff in this connection is as follows:

"When I bought the Dodge from Mr. Cooper, he taken it back; I turned it in on the Dodge, I paid $25 on the Dodge, so Mr. Cooper he refused to give me credit for what I paid on the Ford on the Dodge, and the boy says, 'Rather than you lose your money I will take the car,' and Mr. Cooper told him to go ahead and pay the car out under the same terms I had it, and he gave him a bill of sale on the car and the boy made several payments."

This testimony was denied by the defendant. The suit was brought for a conversion of the Ford car. The point of contention was the manner in which the plaintiff came into possession of the car and whether or not the plaintiff could maintain this action. The defendant contends that before the plaintiff can maintain an action for conversion it is necessary to show ownership of the property and that the car was sold originally to the father of the plaintiff and a mortgage was retained on the car and before the mortgaged property could be sold it was necessary to give permission in writing. It is well settled that before a mortgagor of personal property can sell or dispose of the property the written consent of the holder of the mortgage must be had. Defendant's theory is that the car was not purchased of the father, but that the father turned the car in on the Dodge that he purchased from the defendant, and when this was done the plaintiff purchased the car from the defendant and assumed the payment of the balance due on the car. The testimony of both the plaintiff and his father shows this kind of a transaction. It is well settled in this jurisdiction that in a case at law, if the issues of fact between the parties is controverted, if there be competent testimony reasonably

tending to support the verdict of the jury, it will not be disturbed on appeal. The jury returned a verdict in favor of the plaintiff, and since there was evidence reasonably supporting the same, its finding, in so far as it relates to the facts concerned, is binding on this court.

The defendant says the court erred in not completely covering the case in its instructions to the jury. A portion of the court's instructions is as follows:

"The plaintiff's contention is that Mr. Cooper of the Ben Cooper Motor Company agreed with them that the plaintiff in this action should assume the back indebtedness and thereby become responsible to the Ben Cooper Motor Company for the payments, and with that consideration Enoch Amey turned it over to plaintiff.

"The burden will be on the plaintiff to prove to your mind by a preponderance of the evidence, as I have heretofore said, that that transaction took place."

This, under the evidence in this case, was a correct instruction, and we do not understand that the defendant questions this instruction.

The defendant, however, contends that the court erred in giving the last paragraph in its instruction for the reason that it left the jury to consider only one question, that is to say, whether or not the car was taken from the plaintiff by the defendant with or without the consent of the plaintiff. This instruction may be subject to the criticism offered by the defendant, but there was no objection made to it, and since no exception was properly saved at the trial, the error cannot be raised here.

In the case of Meyer v. White, 79 Okla. 257, 192 Pac. 801, this court said:

"Where no exceptions are taken to the giving or refusing of instructions at the trial, the parties are concluded by their failure to take exceptions, and the appellate court cannot examine them."

The defendant contends that the trial court completely overlooked the fact that there was a dispute in the testimony as to whether the car had been sold to the plaintiff. We do not agree with this contention. The court's instruction hereinbefore quoted shows that this question was properly submitted to the jury and the jury was instructed that the burden was on the plaintiff to prove the agreement by a preponderance of the evidence. The judgment of the trial court is affirmed.

LESTER, V. C. J., and CLARK, SWIN-

DALL, and ANDREWS, JJ., concur. MASON, C. J., and HUNT, RILEY, and CULLISON, JJ., absent.

Note.—See under (1) 2 R. C. L. p. 194; R. C. L. Perm. Supp. p. 368; R. C. L. Continuing Perm. Supp. p. 40.