The Missouri Pacific Railway Company v. Charles R. Cooper, *a Minor, etc.*

No. 8699.

1. Poverty Affidavit — *statute applies to infant plaintiffs.* The statute which dispenses with giving security for costs where the plaintiff, having a just cause of action, is shown by affidavit to be unable to give such security for costs, applies to infant plaintiffs as well as to adults.

2. Statute of Limitations — *two years as to personal injuries, no application to infants.* A cause of action in favor of an infant for personal injuries sustained may be brought at any time during infancy, and will in no event be barred by the two-year limitation until one year after the disability of infancy has been removed.

3. Fact Assumed on Trial — *by court and parties, assumed on error.* Where a case is tried throughout by the Court and the

parties upon the theory that a certain thoroughfare is a public street or highway, it is too late to object in an appellate court that no specific proof was offered that it was regularly established as a highway.

4. PAROL EVIDENCE—*that conduct violated city ordinance, incompetent.* The statements of a witness that the act of the Railroad Company in leaving its train standing across the street was a violation of a city ordinance was incompetent. The existence of the ordinance should have been shown by the records of the city.

5. EVIDENCE INSUFFICIENT—*to show negligence.* At a street crossing, a boy 11 years of age attempted to climb over the couplings between freight cars of a railroad train, standing across the street, to which a locomotive was attached, steamed up and ready to move; and while between the cars the train was started in such a way as to crush his foot, for which a recovery of damages is sought. Upon an examination of the testimony it is *held* that it is insufficient to show that those in charge of the train had knowledge of the peril of the boy or that he or any one else was then between the cars; and, further, that it is insufficient to show that the injury was willfully or wantonly inflicted.

*Error from Bourbon District Court.*
*Hon. J. S. West, Judge.*

REVERSED AND REMANDED.          OPINION FILED JULY 11, 1896.

*T. N. Sedgwick*, for plaintiff in error.

*Humphrey & Hudson*, for defendant in error.

JOHNSTON, J.   Charles R. Cooper, who was a little over 11 years of age, had his foot crushed while climbing between the cars of a freight train which was standing upon the crossing of National Avenue — a street in the city of Fort Scott.   The Marmaton River runs through Fort Scott, and the portion of the city north of the River, and called North Fort Scott, contains about 1,000 inhabitants.   The only street upon which there is a bridge, and which connects North Fort Scott with the rest of the city, is National Avenue ; and near the point where it crosses the railroad is the railroad station.   In 1882, a local freight-train was

run between Parsons and Fort Scott, reaching Fort Scott about noon and leaving there for Parsons about 5:30 o'clock in the evening. Just before departing on the evening of June 17, 1882, the train was left wholly or partly across National Avenue; and Charles R. Cooper, who lived with his parents in North Fort Scott, came up at that time with a view of crossing. When he reached the train he hesitated a little and then went between the cars; and just as he climbed upon the coupling the train was slightly moved, causing the injury for which a recovery is sought. He brought this action, by his next friend, alleging that the Railway Company had been in the habit of blocking the street by standing its trains across the same for from 30 to 40 minutes at a time; that it was a common occurrence for persons to climb through between the cars of the train at that crossing; that the plaintiff, being a minor and having only the judgment common to persons of his age, attempted to climb through between the cars, as he had seen others do; and that, while climbing over the couplings and using as much caution as possible, the train was wantonly and carelessly started by those in charge of it, causing the injury complained of. A jury trial resulted in a verdict in favor of the minor, awarding damages in the sum of $5,000.

The first error assigned is the refusal of the Court to require the plaintiff below to give security for costs. An affidavit was made by the plaintiff as well as by his next friend to the effect that the cause of action set forth in the petition was just, and that by reason of his poverty plaintiff was unable to give security for costs. This was in compliance with the provisions of sections 581 and 582 of the Civil Code, which apply as well to in-

1. Infant plaintiff can make poverty affidavit.

fant plaintiffs as to adults; and hence no bond for costs was required.

It is next contended that the action of the plaintiff was barred by the Statute of Limitations. The action

**2. Statute of limitations as applied to infants.**
was brought by the plaintiff while he was yet a minor, but not until nearly 10 years after the injury was received. The contention is, that a cause of action accrued in favor of the plaintiff by his next friend at the time of the injury, and that after the lapse of two years the action by the next friend became barred. The Code specifically provides that the Statute of Limitations will not bar an action of this character while the person entitled to bring it is a minor or under other legal disability. Every such person is entitled to bring the action within one year after the disability is removed. Civil Code, § 19. The benefit intended to be conferred by this statute is not lost by the institution of an action during minority or before the disability has been removed.

Another contention is, that the petition is insufficient in failing to state that the action was prosecuted by the next friend for the benefit of the minor. It is said that the allegations are, in form, those of the minor himself; and that no reference is made to the next friend in the petition except in the title. The objection is technical and without merit. The cause of action, if any, accrued in favor of the minor for whose benefit the next friend acted. In form, the averments of the petition are those of the plaintiff, the real party in interest, and it shows clearly that the action is brought through the next friend and in favor of the minor.

There is some contention that the proof fails to show that National Avenue, formerly called Jones

Street, was a street or highway of the City.

*3. Fact assumed on trial by court and parties, assumed on error.* An examination of the record discloses that the case was tried throughout by both parties upon the assumption that National Avenue was a street; and, more than that, there is an express admission that it is the principal thoroughfare from North Fort Scott into the main part of the City. Under these circumstances it is too late to object that no specific proof was offered of the manner in which the street was established.

Complaint is made of the admission of testimony to the effect that the Railroad Company had previously obstructed the street by leaving its trains standing across the same, and that persons had frequently passed between the cars, over and under the couplings. These circumstances may have influenced the infant in attempting to climb between the cars and in assuming the risk and peril of the undertaking. The testimony might also be received as tending to show that those in charge of the train were acquainted with the practice, and were, therefore, required to exercise a higher degree of care than if they had been unaware of such practice. It was necessary, however, to limit it to a brief time before the occurrence in question.

There is good reason to complain, however, of the testimony of Newberry, who was acting as city marshal at the time of the injury. He was permitted to give complaints made by others to him as city marshal concerning the Railroad Company leaving its trains standing across the street. This

*4. Hearsay evidence, inadmissible.* was clearly hearsay testimony. And, worse than that, he was allowed to state that the standing of trains across the street was a violation of a city ordinance. There was no averment in the petition that the Railroad Company had violated a city ordi-

nance, nor was any city ordinance introduced in evidence. If an ordinance of the City was actually violated and proof of the existence of such ordinance was admissible, it could not be established in that way. Objection to the testimony was seasonably made, and the overruling of the same was clearly erroneous.

The effort to climb over the couplings of cars in a train to which a locomotive was attached was an exceedingly reckless act, even for a boy 11 years of age. The Company had no right to unnecessarily obstruct a public street. The moving of cars across the street, or a temporary stopping of a train upon the street in the ordinary course of business, is permissible ; but there is testimony that this train was frequently allowed to stand across the street for a needless and unreasonable length of time. The obstruction of the street, however reprehensible it may have been, is little excuse, for a person who possesses discretion and capacity, to climb through between the freight cars of a train to which a locomotive is attached, steamed up and ready to move. The plaintiff, although an infant, was required to exercise due care, to be measured by his age, intelligence, and the facts surrounding him. But, granting that he was negligent, the Company could not escape liability for wantonly and willfully injuring him. The case was tried upon the theory that the plaintiff below was himself negligent in attempting to cross between the cars, and, hence, the trial court instructed the jury that he could not recover unless the injury was willfully or wantonly inflicted. This ruling was accepted by the parties as a correct statement of the law, and will be treated here as the law of the case. The contention of the Company is that the testimony does not sustain

the verdict; and we are required to determine whether there is testimony tending to show that the injury was wantonly or willfully inflicted by the Company. If those in charge of the train had knowledge of the presence and position of the boy between the cars, the starting of the train might be regarded as gross negligence. The liability of the Company for starting the train would be measured by the conduct of the employes after they became aware that Cooper was in peril, or that he and other persons were then climbing through between the cars. *C. B. U. P. Rld. Co. v. Henigh, Adm'r*, 23 Kan. 347; *K. P. Rly. Co. v. Whipple*, 39 id. 539; *A. T. & S. F. Rld. Co. v. Plaskett*, 47 id. 107; *A. T. & S. F. Rld. Co. v. Todd*, 54 id. 551.

5. Evidence, insufficient to show negligence of employes.    We are unable to find testimony which fairly shows that those in charge of the train were aware that Cooper was making the hazardous attempt of climbing between the cars, or anything which evinces a reckless disregard for human life or intention to inflict a willful injury. Although some of the trainmen were close to the train, no testimony is offered which shows that the presence of Cooper was observed or that they had actual knowledge that he or any one else was between the cars. In the absence of testimony of such knowledge we cannot hold that the evidence warrants the finding of the jury that the train men were guilty of such gross negligence as amounts to wantonness or an intention to inflict the injury.

For these reasons the judgment will be reversed, and the cause remanded for another trial.

All the Justices concurring.