BEVERLY DOMANN, a Minor, by her father and next friend, CLAUDE DOMANN, *Appellee,* v. CHARLES PENCE and WILLIAM MOON, *Appellants.*

No. 40,949

SHARON DOMANN, a Minor, by her father and next friend, CLAUDE DOMANN, *Appellee,* v. CHARLES PENCE and WILLIAM MOON, *Appellants.*

No. 40,950

MARSHA DOMANN, a Minor, by her father and next friend, CLAUDE DOMANN, *Appellee,* v. CHARLES PENCE and WILLIAM MOON, *Appellants.*

(326 P. 2d 260)

Opinion filed June 7, 1958.

*J. W. Lowry,* of Atchison, argued the cause, and *Steadman Ball, Wm. E. Stillings,* and *Robert D. Caplinger,* all of Atchison, and *James F. Swoyer, Sr.,* and *James F. Swoyer, Jr.,* both of Oskaloosa, and *Gordon K. Lowry,* of Valley Falls, were all with him on the brief for the appellants.

*Harold E. Doherty,* of Topeka, argued the cause, and *James E. Benfer,* of Topeka, and *William C. Leech,* of Oskaloosa, were with him on the brief for the appellees.

The opinion of the court was delivered by

PARKER, C. J.: Three minor plaintiffs, suing by their father as next friend, brought three separate actions to recover for personal injuries sustained in a collision of two automobiles at a highway intersection. Demurrers to each petition were overruled by the trial court and the defendants perfected separate appeals from such rulings.

In this court counsel for the parties stipulated that identical questions of law, arising out of the same statement of facts, were involved in all three appeals and agreed that the opinion and decision in any one of them would control the opinion and decision in the others. Thereupon motions to consolidate such appeals were sustained and the cases briefed, argued and submitted as if but one case were involved. On that account we proceed in this opinion on the same premise.

Plaintiff commenced the action by filing a petition in district court on September 4, 1956. Subsequently she filed an amended petition which, with the exception of the description of injuries and treatment, reads the same as the petition. So far as here pertinent such pleading reads:

"That plaintiff is a minor, age eight, and brings this action by her father, and next friend, Claude Domann. . . .

"Plaintiff further alleges that on the 29th day of July, 1954, she was riding in a 1948 Plymouth automobile driven by her mother, traveling east on a county road approximately one and one-half miles north of Winchester, Kansas; that after the vehicle in which she was proceeding had entered an intersection of a north and southbound road, the defendant, Charles Pence, who was then and there acting as the agent, servant and employee of the defendant, William Moon, driving in a southerly direction on said north and south road, negligently and carelessly drove his vehicle into the vehicle in which plaintiff was riding, thereby demolishing it and severely injuring plaintiff."

It may be stated the foregoing pleading contained other allegations relating to negligence and injuries which are not here important and for that reason need not be quoted.

Following the filing of the amended petition defendants demurred to that pleading on the ground it disclosed upon its face that the original petition was filed after the statute of limitations had run on the cause of action therein alleged. In other words the demurrer challenged the sufficiency of the amended petition on the ground plaintiff's action had not been brought within the time prescribed by G. S. 1949, 60-306, *Third*. When the foregoing demurrer was overruled defendants perfected the instant appeal.

At the outset it may be stated, all parties involved in this controversy agree this action was instituted more than two years after the cause of action accrued, *i. e.*, the date the injuries were sustained, and concede that normally actions to recover damages for personal injury are barred under the provisions of G. S. 1949, 60-306, *Third*, unless brought within two years after the date of the

sustaining of such injury. Indeed it may be said their dispute with respect to the propriety of the trial court's ruling on the demurrer springs from differences in opinions as to the force and effect to be given the provisions of G. S. 1949, 60-307, which read:

"If a person entitled to bring an action other than for the recovery of real property, except for a penalty or a forfeiture, be at the time the cause of action accrued under any legal disability, every such person shall be entitled to bring such action within one year after such disability shall be removed."

Specifically, and when limited strictly to the facts of the case at bar, appellee's position is that the section of the statute just quoted permits her to bring this action against the appellants at any time during her infancy and/or within one year after removal of that disability. On the other hand appellants' position, also limited as above indicated, is that under and by reason of the foregoing section of the statute (60-307) appellee, having failed to bring her action within the time prescribed by 60-306, *Third*, supra, is now precluded from bringing the instant action and her right to do so does not again become available to her until after her disability has been removed.

In their brief and on oral argument appellees cite and rely on one case only as sustaining their position. It is our own decision of *Railway Co. v. Cooper*, 57 Kan. 185, 45 Pac. 587, which we pause here to note has never been disapproved or overruled by subsequent decisions, where it is held:

"A cause of action in favor of an infant for personal injuries sustained may be brought at any time during infancy, and will in no event be barred by the two-year limitation until one year after the disability of infancy has been removed." (Syl. ¶ 2.)

And in the opinion said:

"It is next contended that the action of the plaintiff was barred by the Statute of Limitations. The action was brought by the plaintiff while he was yet a minor, but not until nearly 10 years after the injury was received. The contention is, that a cause of action accrued in favor of the plaintiff by his next friend at the time of the injury, and that after the lapse of two years the action by the next friend became barred. The Code specifically provides that the Statute of Limitations will not bar an action of this character while the person entitled to bring it is a minor or under other legal disability. Every such person is entitled to bring the action within one year after the disability is removed. Civil Code, § 19. The benefit intended to be conferred by this statute is not lost by the institution of an action during minority or before the disability has been removed." (p. 188.)

After a careful analysis of the opinion in *Railway Co. v. Cooper*, supra, and an extended examination of the record of the case at

bar, we have become convinced there is no room for material differentiation in the two cases from the standpoint of facts, conditions, circumstances, statutes, issues and principles involved. Moreover, we are satisfied, the rule of the Cooper case, that an infant may bring an action by a next friend at any time during infancy for personal injuries sustained is sound in principle and supported by the great weight of authority. See, *e. g., Bliven v. Wheeler,* 23 R. I. 379, 50 Atl. 644; *Norris, by Next Friend v. Mingle,* 217 Ind. 516, 29 N. E. 2d 400; *Hilburger v. Cottman,* 91 N. Y. S. 2d 721; *Carson v. Jackson,* 281 Fed. 411; 34 Am. Jur., Limitation of Actions, pp. 155, 158, §§ 192, 196; 54 C. J. S., Limitation of Actions, p. 262 § 235; 109 A. L. R., Anno., 954, 956[b]. Adherence to such rule means that the trial court's order in overruling the demurrer was proper and must be upheld unless, of course, some other sound reason precludes its application.

In passing it should be stated there can be no doubt that in this case the minor, as the statute (60-307) authorizes and the rule of the Cooper case contemplates, brought this action. This clearly appears from the title and allegations of the amended petition. It is also to be noted that under established decisions the next friend of an infant cannot maintain a suit in his own name, *i. e.,* the suit must be brought in the name of the infant and not in that of the next friend. (*Morgan v. Potter,* 157 U. S. 195, 39 L. Ed. 670, 15 S. Ct. 590; *Bliven v. Wheeler,* 23 R. I. 379, 381, 50 Atl. 644.)

In attempting to avoid the rule in the Cooper case appellants rely on four of our decisions, which they insist modify that rule to such an extent as to require the upholding of their position with respect to the propriety of the trial court's action in overruling the demurrer. We have examined all four cases and do not agree with appellants' contentions respecting their force and effect.

*Jones v. Jones,* 125 Kan. 403, 265 Pac. 66, deals with right of this court to dismiss an action prosecuted by the next friend of minors after the action had been tried in the district court, judgment had been rendered in favor of defendants, and an appeal had been to the supreme court where it appeared it was not to the benefit of minors that the action be prosecuted to final judgment. The opinion in this case does not even purport to discuss or determine the minors' rights under the existing facts and circumstances or the sections of the statute (60-306, *Third,* and 60-307) here involved.

In *Fotopoulos v. Gas Service Co.,* 150 Kan. 738, 96 P. 2d 666, the plaintiff, a minor, brought an action by her next friend for damages

for personal injuries. In the course of its opinion in that case this court said "The rule seems to be well settled that an infant, . . . in an action at law, . . . is bound by the same rules of procedure as an adult litigant . . ." Resort to that opinion will disclose such statement had reference to rules of procedure in the conduct of the case, not to questions relating to whether the minor's right to maintain the action was barred by the statute of limitations.

*Bradley v. Hall,* 165 Kan. 358, 194 P. 2d 943, was an action instituted in the name of the guardian of an insane person to set aside a deed and quiet title to real estate. The action was commenced many years after the plaintiff's appointment as guardian. We held his amended petition showed on its face the five-year statute had run against his right of action as guardian and therefore failed to state a cause of action. We do not construe the opinion in the Bradley case as modifying the rule of the Cooper case. Be that as it may, it should be here stated that if there is anything in such opinion, either expressed or implied, warranting the construction an infant is not entitled to maintain an action in his own name, by and through a next friend, for the recovery of personal injuries under the conditions and circumstances here involved, during the interim in which he is under legal disability as an infant, it should be disregarded and is hereby disapproved.

*Marks v. St. Francis Hospital & School of Nursing,* 179 Kan. 268, 294 P. 2d 258, was an action to recover under the wrongful death statute (G. S. 1949, 60-3203) which, among other things, provides that the action must be commenced within two years. This case falls within the rule that general provisions relating to the statute of limitations, such as 60-307, *supra,* are not applicable to a statute creating a liability where none existed previously and which fixes the time within which the action must be brought (*Rodman v. Railway Co.,* 65 Kan. 645, 70 Pac. 642; *Bohrer v. State Highway Comm.,* 137 Kan. 925, 927, 22 P. 2d 470; *Bowles v. Portelance,* 145 Kan. 940, 67 P. 2d 419.)

The trial court did not err in overruling the demurrer to the amended petition. This means the orders and judgments from which appeals were perfected in Cases Nos. 40,948, 40,949 and 40,950 must be affirmed.

It is so ordered.