No. 41,584

KARL I. GEISS, by ROSE M. ROHRBACK, Guardian, and BILL G. HONEY-MAN, Administrator of the Estate of Irvin J. Geiss, Deceased, *Appellees*, v. HOWARD J. GEISS, *Appellant*.

(348 P. 2d 643)

Opinion filed January 23, 1960.

*Wendell L. Garlinghouse*, of Topeka, argued the cause, and *Warren W. Shaw*, *William Hergenreter*, and *Carl W. Quarnstrom*, all of Topeka, were with him on the briefs for the appellant.

*William L. Rees*, of Topeka, argued the cause, and *Hall Smith* and *Wright W. Crummett*, both of Topeka, were with him on the briefs for the appellees.

The opinion of the court was delivered by

ROBB, J.: This appeal is from an order of the trial court overruling defendant's demurrer to plaintiffs' petition.

In summarizing the petition we shall refer to the parties by their given names.

Karl, nine years of age, was the son of Rose and Irvin; Rose was appointed his legal guardian on September 12, 1958; Irvin died May 10, 1958, and his estate is being administered by Bill G. Honeyman; Irvin and Rose had been divorced on October 13, 1949; Rose was granted Karl's custody and Irvin was ordered to pay $75.00 per month child support, which order was never vacated or modified; Karl at all times was dependent for support upon Irvin and Rose; on December 29, 1949, when Karl was eighteen months old, Irvin, with intent to defraud Karl of the support and maintenance to which he was or would be entitled to receive from his father, gave to his brother Howard $5,000 then on deposit with the Capitol Federal Savings and Loan Association of Topeka; Howard received and retained the $5,000 with full knowledge of the fraudulent intent and design of his brother Irvin; immediately thereafter Irvin, who had no other money or property, defaulted in child support payments for Karl and on March 21, 1950, those payments were entirely discontinued.

Howard demurred to this petition for the reason it did not state facts sufficient to constitute a cause of action against him. The trial court overruled the demurrer and granted Howard twenty days to answer or otherwise plead. Howard appeals from this order of the trial rourt and specifies as error the trial court's order overruling his demurrer.

The petition alleges facts constituting a prima facie cause of action based on an intentional fraudulent conveyance from Irvin to Howard (37 C. J. S., Fraudulent Conveyances, § 131, p. 960; 24 Am. Jur., Fraudulent Conveyances, § 28, 186, 187) as to Karl, who later became a judgment creditor when child support payments matured and became final judgments (*Haynes v. Haynes,* 168 Kan. 219, 212 P. 2d 312; *Peters v. Weber,* 175 Kan. 838, 267 P. 2d 481; *Ortiz v. Ortiz,* 180 Kan. 334, 304 P. 2d 490; 37 C. J. S., Fraudulent Conveyances, § 168, p. 986; 24 Am. Jur., Fraudulent Conveyances, § 143, p. 284) whereby he could bring an action to set aside such fraudulent conveyance of $5,000 from Irvin to Howard any time during his infancy,

and he would in no event be barred by the two year statute of limitations until one year after the disability of infancy is removed. (G. S. 1949, 60-307; *Domann v. Pence*, 183 Kan. 196, 326 P. 2d 260.)

Since the demurrer admitted the allegations of the petition, the trial court correctly overruled the demurrer.

Affirmed.

Price, J., concurs in the result.