**Jenifer EDMONDS, Plaintiff,**

v.

**UNION PACIFIC RAILROAD COMPANY, Defendant.**

**Civ. A. No. T–4512.**

United States District Court
D. Kansas.
Jan. 21, 1969.

**1312**

Jack N. Stewart of Hampton, Royce, Engleman & Nelson, Salina, Kan., Leander P. Hamilton, of Mitchell & Hamilton, Hutchinson, Kan., for plaintiff.

O. B. Eidson and Roscoe Long of Lillard, Eidson, Lewis & Porter, Topeka, Kan., for defendant.

## MEMORANDUM OF DECISION

TEMPLAR, District Judge.

Plaintiff, Jenifer Edmonds, commenced this action by filing a complaint on October 25, 1968, in this Court.

The action is brought by her to recover damages for personal injuries alleged by her to have been caused by the defendant in negligently operating one of its trains near Salina, in the State of Kansas, on or about March 21, 1965. She seeks the recovery of substantial damages for her injuries.

In Paragraph II of her complaint, she alleges:

"Plaintiff Jenifer Edmonds, formerly Jenifer Pope, was born November 3, 1947. Plaintiff was at the time her cause of action against the defendant accrued and is now within the age of 21 years, and as such she is under legal disability pursuant to the laws of the State of Kansas, K.S.A. 60–515. Plaintiff is 20 years of age and is married, and has the legal capacity to sue in her own name pursuant to the laws of the State of Kansas. K.S.A. 38–101."

Defendant has filed its motion to dismiss on the grounds that the Statute of Limitations in the State of Kansas bars the right of plaintiff's recovery after two years and that the complaint, therefore, fails to state a claim against defendant upon which relief may be granted. Defendant submits a marriage certificate with its motion showing that plaintiff was married on June 13, 1966, in Reno County, Kansas.

The pertinent portion of the Kansas Statute of Limitations reads, K.S.A. 60–513:

"The following actions shall be brought within two years:

\*　　\*　　\*　　\*　　\*　　\*

"(4) An action for injury to the rights of another not arising on contract, and not herein enumerated."

At the time of the events which occurred and resulted in plaintiff's alleged injuries, there was in force and effect the following Kansas statute, K.S.A. 60–515:

"Persons under legal disability. (a) Effect. If any person entitled to bring an action, other than for the recovery of real property or a penalty or a forfeiture, at the time the cause of action accrued, or at any time during the period the statute of limitations is running, be within the age of twenty-one (21) years, or an incapacitated person, or imprisoned for a term less than his natural life, such person shall be entitled to bring such action within one (1) year after such disability shall be removed, but no such action shall be maintained by or on behalf of any person under the disabilities specified after twenty-two (22) years from the time the cause of action shall have accrued."

There was also in force and effect at the time the following Kansas statute, K.S.A. 38–101:

"That the period of minority extends in males and females to the age of twenty-one years: Provided, That every legally married person over eighteen years of age, while such marriage relation exists, shall be considered of the age of majority in all matters relating to contracts, property

rights and liabilities, and the capacity to sue and be sued."

Defendant's contention is simply that the accident in question occurred March 21, 1965, at which time plaintiff was eighteen (18) years of age; that she was married on June 13, 1966, to Glenn Ford Edmonds in the State of Kansas, and thereupon her legal disability to bring the suit was removed by the applicable statute; and that she was required to bring the action not later than June 13, 1967. The action was not commenced until October 25, 1968, more than one year after plaintiff's marriage, but before she was 21 years of age. (She became 21 years of age on November 3, 1968.)

█ Since defendant has supplemented its motion to dismiss with evidence in support of it, the Court must and does consider the motion as one for summary judgment under Rule 56.

Defendant submits that under Kansas law the action is barred and cites the case of Farran v. Peterson, 185 Kan. 154, 342 P.2d 180, in support of that contention. A careful reading of that case reveals that the rule there stated follows the earlier case of Domann v. Pence, 183 Kan. 196, 326 P.2d 260, which emphatically and without qualification held that a cause of action in favor of an infant for personal injuries sustained may be brought by the infant any time during infancy and will in no event be barred by the two-year limitation until one year after the disability of infancy has been removed. In Domann, the Kansas court pointed out that an infant, i. e., a person within the age of 21 years, could maintain an action by a guardian or next friend at any time, but that even though action could be so brought, still the right is not barred until one year after the disability of infancy has been removed. Citing Missouri Pac. Railway Co. v. Cooper, 57 Kan. 185, 45 P. 587.

Obviously, a person in Kansas remains a minor as long as she is within the age of 21 years and although an action could be instituted on the minor's behalf before she reached that age, still Farran declares that the force and effect of the language found in Domann is a clear statement of the law and is "that a minor child will not be barred of a right of action during his minority."

Such an unequivocal statement fails to sustain defendant's contention.

The Court has attempted to find a decision of the Kansas Supreme Court bearing directly upon the question. None have been found and none have been called to the Court's attention by counsel. Such being the situation, this Court must use its best judgment in predicting what the Court would hold in this case.

█ This Court has examined cases contained in the annotation found in 91 A.L.R.2d 1272, and finds that courts in other jurisdictions have adopted conflicting rules on the issue. However, it appears that by far the greater number support the conclusion that the disability of infancy, in respect to the running of limitations, is not affected, where claimant is a woman, by her marriage after accrual of the cause of action and before her attainment of majority. This is so even though statutes provide that a person over 18 years of age, while a marriage relation exists, shall be considered of the age of majority and have the capacity to sue and be sued, and even though, by statute, a married woman may, while married, sue and be sued in the same manner as if she were unmarried. See K.S.A. 23–203.

It is the best judgment of this Court that should this proposition be submitted to the Kansas Supreme Court, it would follow what appears to be the majority rule and conclude in this case that the statutory tolling of the running of the Statute of Limitations against the cause of action of a person "within the age of 21 years," for personal injuries, is not affected by marriage of such person before reaching the age of twenty-one (21), notwithstanding another statutory provision that every legally married person over eighteen (18) years of age shall

be considered of the age of majority and have the capacity to sue or be sued. See Tavernier v. Weyerhaeuser Co., 309 F.2d 87, 91 A.L.R.2d 1268.

Here the plaintiff instituted her action before she was 21 years of age. The Court holds that her cause of action was not barred by the Statute of Limitations and the motion of defendant, considered as one for summary judgment, must be denied.

It is so ordered.