Merritt A. (Sonny) WALKER, Jr., Plaintiff-Appellant,

v.

PACIFIC BASIN TRADING COMPANY, a wholly owned subsidiary of Western Farm Service, Inc., a Delaware Corporation, et al., Defendants-Appellees.

No. 75–1572.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted April 15, 1976.

Decided June 14, 1976.

as a matter of law. They are correct, however, based on the evidence in this case.

Larry A. Tawwater, Oklahoma City, Okl., for plaintiff-appellant.

James M. Robinson, Oklahoma City, Okl., for defendants-appellees.

Before HILL and SETH, Circuit Judges, and TEMPLAR,* District Judge.

HILL, Circuit Judge.

On August 13, 1972, appellant was injured in an accident at a motorcycle track. On July 19, 1974, suit was filed in appellant's name seeking damages of $2 million from Bob Gibbons and Clayton Lewis, individually and d/b/a Northwest Hodaka Sales and Service Company. The complaint alleged several acts of negligence which were claimed to have been committed by the defendants or their agents and resulted in appellant's injuries. The complaint also alleged appellant was totally paralyzed. These defendants answered and discovery commenced. On April 7, 1975, an amended complaint was filed which added as defendants Pacific Basin Trading Company (appellee), alleged to be the sole and exclusive distributor of Hodaka motorcycles in the United States, and The Hodaka Company, a Japanese corporation.

Appellee moved to dismiss for failure to state a claim upon which relief could be granted. Appellee said 12 Okl.Stat. § 95 barred the action as to appellee. The statute provides in pertinent part:

> Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:
>
> .    .    .    .    .
>
> Third. Within two years: . . . an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated . . . .

Appellee argued the action accrued on August 13, 1972, and the amended complaint filed on April 7, 1975, was not within the two-year statute of limitations.

Appellant responded that appellant's comatose state as alleged in the amended complaint was a clear indication he was mentally impaired and thus protected by another statute, 12 Okl.Stat. § 96, from the running of the previously mentioned statute of limitations. Title 12 Okl.Stat. § 96 reads as follows:

> If a person entitled to bring an action other than for the recovery of real property, except for a penalty or forfeiture, be, at the time the cause of action accrued, under any legal disability, every such person shall be entitled to bring such action within one year after such disability shall be removed.

The contention was made that the statute would not bar this appellant until one year following the removal of his disability.

On June 5, 1975, the court entered an order granting appellee's motion to dismiss. The court said:

> The filing of an amended complaint adding a party defendant constitutes the commencement of the action insofar as such defendant is concerned. If at the time of the filing of the amended com-

---

* Honorable George Templar, United States District Judge, District of Kansas, sitting by designation.

plaint the statutory period has run, that defendant may avail himself of that plea.

Whether plaintiff, in avoidance of the operation of that general rule, may assert the statutory exception despite the fact that suit has been commenced against certain defendants would appear to be a question of first impression. It is a general rule that exceptions in statutes of limitation are strictly construed and cannot be enlarged from considerations of apparent hardship. (Citation omitted.) The nature of the mental incapacity contemplated by the statute may be defined as a condition such as actually prevents the sufferer from understanding his legal rights or instituting legal action. In this case, however, the fact that legal action was instituted within the statutory period against certain defendants establishes that plaintiff was not legally incapacitated. Accordingly, the Court determines that the statutory exception does not avail plaintiff, and the bar of the statute of limitations appearing on the face of the amended complaint, grants defendant Pacific Basin Trading Company's motion to dismiss.

On appeal, the basic position of appellant is that his suit is within § 96. Appellant says the trial court has incorrectly added a qualification to the type of mental incapacity which constitutes a legal disability under § 96. That qualification was "a condition such as actually prevents the sufferer from . . . instituting legal action." Appellant argues a comatose condition qualifies as a legal disability although legal proceedings have been instituted and cites cases indicating the statute of limitations is tolled as to a legally disabled party throughout the period of disability.

Appellee believes citation of authority is unnecessary to resolve the matter; rather, appellee relies on an argument as follows:

If appellant was too incompetent to initiate his suit within the limitation period and his condition has been constant since the date of injury, he remains too incompetent to maintain his claim. If, on the other hand, appellant had sufficient competency to initiate and maintain his suit against defendant, Gibbons & Lewis, within the statute of limitations and his condition has been constant, he was competent enough to initiate his claim against appellee within the statutory period, and not having done so, the claim is barred.

■ This case comes to us following dismissal of appellant's action as to appellee; on appeal, we must accept as true the allegations contained in the complaint. *Wolf v. Jane Phillips Episcopal-Memorial Medical Center*, 513 F.2d 684 (10th Cir. 1975), and cases cited therein. The amended complaint alleged appellant had been comatose since the date of the injury. Under the aforementioned standard of review, that contention must be accepted as true.

The trial court held the institution of legal action " . . . within the statutory period against certain defendants establishe[d] that plaintiff was not legally incapacitated." The trial court reasoned that the institution of legal action within the limitations period was not prevented by a mental incapacity of the sufferer and hence there was no legal disability under § 96.

■ By adding the institution of legal proceedings element to the definition of a mental incapacity sufficient to constitute a legal disability under § 96, the trial court erroneously broadened the term's meaning. The Oklahoma Supreme Court in *Roberts v. Stith*, 383 P.2d 14 (Okl.1963), discussing the meaning of the term *legal disability* in another tolling statute, cited 9 A.L.R.2d 964 as follows:

Generally, it seems that a person may be under the legal disability of insanity, or unsoundness of mind, within the meaning of the exception to the statute of limitations, when the disability is of such a nature as to show him unable to manage his business affairs or estate, or to comprehend his legal rights or liabilities.

We cannot agree with the trial court that what might be an effect of the legal disability of mental incapacity should be part of the definition. *But see* 41 Am.Jur.2d *Incompetent Persons* § 113 (1968).

Appellant correctly concludes from the language of § 96, cases construing similar statutes,[1] and other authority [2] that the existence of the requisite disability tolls the statute of limitations as to the sufferer throughout the period of disability. A comatose condition might qualify as a legal disability under the aforementioned Oklahoma definition of mental incapacity. We, of course, cannot determine the exact nature of appellant's condition from the "comatose" allegation. The determination of the true nature of appellant's condition must await the submission of evidence. Upon a motion to dismiss on statute of limitations grounds, however, we believe the allegation of a continuing comatose condition (a possible legal disability due to mental incapacity) controls over whatever inference of mental capacity arises from the institution of legal proceedings in the name of the alleged sufferer.

Issues including capacity to sue and the proper party to maintain the action are raised *sub silentio* in appellee's reasoning. Whether this action can properly be maintained in plaintiff's name has not been determined. That issue has not been directly raised and is not properly before this Court. We merely have determined that from the allegations before us appellant cannot, as a matter of law, be denied the exemption of § 96. Nothing herein precludes consideration of other issues not directly decided or prevents subsequent proceedings concerning the statute of limitations issue. We merely hold that granting a motion to dismiss at this stage because of the statute of limitations was improper.

The order dismissing the action as to appellee is set aside, and the cause is remanded for further proceedings.

---

1. Appellant's cases are Kansas cases; § 96 has its origin in Gen.Stat.Kan.1889, ¶ 4096.

In *Missouri Pac. Ry. Co. v. Cooper*, 57 Kan. 185, 45 P. 587 (1896), the Kansas Supreme Court dealt with an action brought by the next friend of a minor ten years after the injury but while the injured party was still a minor. The court said, "The benefit intended to be conferred by this statute is not lost by the institution of an action during the minority, or before the disability has been removed." In *Domann v. Pence*, 183 Kan. 196, 326 P.2d 260 (1958), the court cited *Cooper, supra*, and held an infant could bring an action by a next friend at any time during infancy for personal injuries sustained. The court stated, "A cause of action in favor of an infant for personal injuries sustained, may be brought at any time during infancy, and will in no event be barred by the two-year limitation until one year after the disability of infancy has been removed."

2. Although hinting at the problem of the proper party to maintain this action, 54 C.J.S. *Limitations of Actions* § 240 indicates the institution of an action on behalf of an infant by next friend or guardian does not start the statute of limitations running. "The institution of an action on behalf of an infant by his guardian or next friend will not terminate the infant's disability so as to set the statute of limitations running, or prevent such infant from prosecuting the action in his own name on attaining his majority."