George **BROWN**, Plaintiff-Appellant,

v.

Officer **BIGGER**; Individually and in their official capacities Officer **Whistler**; Officer **Mullins**; Kenneth **Oliver**, Defendants-Appellees.

No. 79–1970.

United States Court of Appeals,
Tenth Circuit.

Argued April 29, 1980.
Decided June 10, 1980.

Robert T. Stephan, Atty. Gen., and James E. Flory, Asst. Atty. Gen., Topeka, Kan., for defendants-appellees.

Before BARRETT, McKAY and LOGAN, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

Appellant, an inmate at the Kansas State Penitentiary, brought this action pursuant to 42 U.S.C. § 1983 against various prison guards and officials. He alleged that on November 15, 1976, while at a hospital for treatment of stab wounds received in prison, several prison guards forcibly put him into bed. Appellant asserts this constitutes cruel and unusual punishment. His complaint was filed December 1, 1978. The district court dismissed the action, concluding it was barred by the statute of limitations.

Federal courts must apply the applicable state statute of limitations in a civil rights action. *Crosswhite v. Brown,* 424 F.2d 495 (10th Cir. 1970). The applicable state statute of limitations in Kansas is two years. Kan.Stat.Ann. § 60–513(a)(4) (1976); *see Hannon v. Woodson,* Unpublished No. 76–1873 (10th Cir. April 18, 1977). However, the running of the statute of limitations is tolled for a person imprisoned for a term less than his natural life. *See* Kan. Stat.Ann. § 60–515(a) (1976). Appellant is imprisoned for a term less than his natural life.

The state contends that since inmates at the state penitentiary are allowed to bring civil rights actions, no *actual* disability exists and hence the tolling statute should not be applied. We have found no applicable case law. However, the clear language of Kan.Stat.Ann. § 60–515(a) provides:

> If any person entitled to bring an action, . . . at the time the cause of action accrued, or at any time during the period the statute of limitations is running, be . . . imprisoned for a term less than his or her natural life, such person shall be entitled to bring such action within one (1) year after such disability shall be removed, but no such action shall be commenced by or on behalf of any person under the disabilities specified after more than eight (8) years beyond the time of the act giving rise to the cause of action.

In interpreting other provisions of this tolling statute, courts have given literal meaning to the language. *See Edmonds v. Union Pacific Railroad Co.,* 294 F.Supp. 1311 (D.Kan.1969); *Gifford v. Saunders,* 207 Kan. 360, 485 P.2d 195 (1971). We must similarly give effect to the statute's plain meaning. Notwithstanding the fact appellant was able to bring this suit while incarcerated, his right to bring the action is not barred until one year after release from prison or eight years after the cause of action arose. *Cf. Domann v. Pence,* 183 Kan. 196, 326 P.2d 260 (1958) (cause of action in favor of infant for personal injuries may be brought at any time *during* infancy, and will not be barred by two-year limitation until one year after the disability of infancy has been removed); *see also State v. Calhoun,* 50 Kan. 523, 32 P. 38 (1893).

The trial court employed the procedures approved by this court in *Martinez v. Aaron,* 570 F.2d 317 (10th Cir. 1978), to

develop a substantial record. We have reviewed the record and, even though appellant's cause of action is not barred by the statute of limitations, we conclude the dismissal of the action was proper. Affidavits of two guards, a nurse and appellant reveal no dispute as to the material facts of the incident.

At about 10:00 p. m. several guards came into appellant's hospital room and told him to get into bed. He refused, stating he had orders from the doctor to sit up and keep his foot elevated. The guards then forcibly put him into bed. The evening nurse supervisor at the hospital states that appellant then "scrambled" out of bed and sat on the floor; appellant's affidavit says he "fell" out of bed. Appellant was again forcibly put into bed and again "fell" onto the floor. He received a small laceration which was subsequently covered with a bandage. This was the extent of his injury from the incident. None of his stab wounds had to be restitched and his hospital stay was not prolonged. It was later determined appellant was not required to be in bed; the guards apparently confused him with another inmate at the hospital who was under orders to be in bed.

We conclude the guards' actions did not constitute cruel and unusual punishment. The only force used against appellant was in twice placing him into bed against his will. Trivial or frivolous invasions of personal rights are not cognizable under 42 U.S.C. § 1983. *Wells v. Ward,* 470 F.2d 1185 (10th Cir. 1972). Ordering an inmate to bed at 10:00 p. m. and subsequently forcing him to comply with the order do not remotely amount to cruel and unusual punishment. *See Bethea v. Crouse,* 417 F.2d 504, 509 (10th Cir. 1969).

Affirmed. The mandate shall issue forthwith.