**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2310
_____

BRIAN JOSEPH LYSZKOWSKI,
Appellant
v.

DIANE E. GIBBONS; LISA ANNE SILVESTRI; KAREN R. BRAMBLETT
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-15-cv-02210)
District Judge: Honorable Mark A. Kearney
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 9, 2016
Before: GREENAWAY, JR., GREENBERG and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 13, 2017)
_____

OPINION[*]
_____

PER CURIAM

    Pro se appellant Brian Lyszkowksi appeals from the District Court's order

granting Defendants' motions to dismiss his Second Amended Complaint filed under 42

U.S.C. § 1983.  We will affirm.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

I.

Lyszkowksi initiated this action in 2015 against Bucks County, Pennsylvania, Common Pleas Judge Diane Gibbons, Bucks County Probation Officer Lisa Silvestri, and Karen Bramblett, a then-Pennsylvania Superior Court Prothonotary. The gravamen of Lyszkowksi's complaint is that Gibbons and Silvestri denied him due process of law at his 2013 probation violation hearing – where Judge Gibbons revoked his probation and sentenced him to a term of confinement – and that Bramblett improperly docketed his notice of appeal from that judgment, thwarting his appeal to the Superior Court.

In 2012, Lyszkowksi was placed on 18 months' probation in Bucks County after he pleaded guilty to several drug offenses. On April 5, 2013, Judge Gibbons ordered a probation violation hearing for May 1, 2013, on a praecipe filed by Silvestri alleging that Lyszkowksi violated his probation in numerous respects.[1] In response, on April 26, 2013, Lyszkowksi filed a "Motion to Strike Adult Probation and Parole Department Document for Material Falsehoods," challenging the factual basis for the alleged violations. At the May 1, 2013, hearing, Judge Gibbons denied Lyszkowksi's motion to strike, revoked his probation, and sentenced him to a term of confinement of six to 12 months. On May 10, 2013, Lyszkowksi filed a "Motion to Modify and Reconsider

_____

[1] At the violation hearing, Silvestri "described his flagrant disregard of probation rules, including [his] failure to submit to drug testing, his admitted illegal drug use, failure to follow safety protocol, his involvement in the citizen extremist movement [and] antigovernment activities, all of which made him unsupervisable by [the probation] department." Commonwealth. v. Lyszkowski, No. 1681 EDA 2013, 2014 WL 10965195, at *2 (Pa. Super. Ct. Apr. 25, 2014) (internal quotation marks omitted).

Sentence," which Judge Gibbons denied on May 29, 2013. Lyszkowksi then filed a notice of appeal to the Superior Court on June 6, 2013, and the Superior Court affirmed the judgment of sentence on April 25, 2014, finding that "[t]he lower court was free to believe the evidence proffered by the probation officer that Lyszkowski violated his probation and was free to reject Lyszkowski's bald assertion that this evidence was false." Lyszkowski, 2014 WL 10965195, at *5.

Lyszkowksi now claims in this action that Silvestri improperly engaged in an ex parte meeting with Judge Gibbons prior to the hearing, with the purpose to "inflame Gibbons to incarcerate [Lyszkowksi] for the maximum term," and that Judge Gibbons "arbitrarily" denied his motion to strike. He claims that Gibbons and Bramblett intentionally prevented appellate review of his sentence by improperly docketing his notice of appeal.

On February 2, 2016, the District Court granted Defendants' motions to dismiss Lyszkowksi's Amended Complaint, without prejudice, finding that Judge Gibbons was entitled to judicial immunity, and that Silvestri and Bramblett were entitled to quasi-judicial immunity. After Lyszkowksi filed a substantially similar Second Amended Complaint, the Court granted Defendants' motions to dismiss, with prejudice, finding that, under Federal Rule of Civil Procedure 12(b)(6), he "still did not plead facts overcoming the immunity afforded to public servants." Following the Court's denial of his motion filed under Federal Rule of Civil Procedure 59(e), this timely appeal ensued.

II.

3

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's dismissal of a complaint under Rule 12(b)(6) de novo and ask whether it has "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on [its] face." Fantone v. Latini, 780 F.3d 184, 186, 193 (3d Cir. 2015) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "We review motions to alter or amend a judgment filed pursuant to Rule 59(e) . . . for abuse of discretion, except over matters of law, which are subject to plenary review." Addie v. Kjaer, 737 F.3d 854, 867 (3d Cir. 2013) (internal quotation marks omitted). And we "may affirm a result reached by the district court on different reasons, as long as the record supports the judgment." Guthrie v. Lady Jane Collieries, Inc., 722 F.2d 1141, 1145 n.1 (3d Cir. 1983).

We will affirm the District Court's dismissal of Lyszkowksi's claims against Judge Gibbons on the basis of judicial immunity but will affirm the dismissal of his remaining claims on other grounds. Judges are entitled to absolute immunity in § 1983 actions seeking monetary damages for actions performed in their judicial capacities unless (1) the challenged action is "not taken in the judge's judicial capacity," or (2) the action is "taken in the complete absence of all jurisdiction." Gallas v. Sup. Ct. of Pa., 211 F.3d 760, 768 (3d Cir. 2000). Lyszkowksi claims that Judge Gibbons arbitrarily denied his motion to strike, improperly revoked his probation, and failed to correct an alleged docketing error related to his notice of appeal. Because these actions, or inactions, were taken in her judicial capacity, and not "in the clear absence of all jurisdiction," the District Court properly granted her immunity. Gallas, 211 F.3d at 769

4

(3d Cir. 2000) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.") (internal quotation marks omitted).[2]

Lyszkowksi's claim against Bramblett fails for a more fundamental reason – he fails to allege any constitutionally cognizable injury arising from her conduct. To recover under § 1983, "(1) the conduct complained of must have been done by some person acting under color of law; and (2) such conduct must have subjected the complainant to the deprivation of rights, privileges, or immunities secured to him by the Constitution and laws of the United States." Basista v. Weir, 340 F.2d 74, 79 (3d Cir. 1965). And a complaint is properly dismissed where, as here, "no tenable theory of federal wrong is apparent." Rodes v. Mun. Auth. of Borough of Milford, 409 F.2d 16, 17 (3d Cir. 1969).

Lyszkowksi claims that Bramblett's docketing error thwarted his appeal to Superior Court. But even if she committed such an error, Lyszkowksi did not suffer the type of harm necessary to state a viable claim under § 1983 because the Superior Court addressed his appeal on its merits, without limitation.[3]

---

[2] A Rule 12(b)(6) dismissal on the basis of absolute immunity is appropriate so long as "the allegations of [the] complaint . . . indicate the existence of absolute immunity as an affirmative defense," and "the defense . . . clearly appear[s] on the face of the complaint." Wilson v. Rackmill, 878 F.2d 772, 776 (3d Cir. 1989). Both conditions are met here.

[3] Lyszkowksi claims that Bramblett improperly docketed his June 6, 2013, notice of appeal as an appeal from the May 1, 2013, judgment of sentence – rather than from the court's May 29, 2013, order denying his motion to modify – rendering his appeal untimely, and that neither Bramblett nor Gibbons corrected this error. But a defendant

Finally, Lyszkowksi claims that Silvestri improperly "inflame[d] Gibbons to incarcerate [him] for the maximum term." This claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994), because it essentially seeks to challenge the length of his sentence – whether imposition of the maximum term was improper. In Heck, "the Supreme Court held that where success in a § 1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence." Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006) (citing Heck). Heck applies to claims against probation officer related to probation revocation decisions. Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam).

Here, Lyszkowksi seeks relief[4] under § 1983, arguing that the sentencing court improperly imposed the maximum term of confinement, but he has not successfully

_____

seeking to appeal a probation revocation order must do so within 30 days of that order, and the court's denial of a motion to modify sentence does not extend the 30-day appeal period. See Commonwealth v. Coleman, 721 A.2d 798, 799 (Pa. Super. Ct. 1998) (per curiam). Thus Lyszkowksi's notice of appeal – filed more than 30 days after the revocation order – was untimely, no matter how it was docketed. At any rate, the alleged docketing error had no impact on his appeal because the Superior Court "g[a]ve Lyszkowski the benefit of the doubt and exercise[d] jurisdiction over his appeal." Lyszkowski, 2014 WL 10965195, at *2. Thus, at most, Bramblett's alleged docketing error may have caused Lyszkowksi to experience some anxiety or uncertainty about the status of his appeal. But "[t]rivial or frivolous invasions of personal rights are not cognizable under 42 U.S.C. § 1983." Brown v. Bigger, 622 F.2d 1025, 1027 (10th Cir. 1980) (per curiam).

[4] He seeks both damages and an unspecified declaratory judgment. But "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought

6

challenged that sentence in any state or federal proceeding.[5]  And because a favorable decision in this action would necessarily call into question the duration of that sentence, this action is not cognizable under Heck.  See Williams, 453 F.3d at 177.  Accordingly, we will affirm the orders of the District Court granting Defendants' motions to dismiss and denying Lyszkowksi's motion filed under Rule 59(e).  However, because it appears that the District Court improperly applied the doctrine of quasi-judicial immunity to dismiss the claims against Silvestri with prejudice,[6] we will modify the order of dismissal to reflect that these claims are dismissed without prejudice.  See Curry v. Yachera, 835 F.3d 373, 379 (3d Cir. 2016) (holding that a dismissal under Heck is without prejudice to a claim's reassertion following a favorable termination).

---

(damages or equitable relief) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration."  Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).

[5] The Superior Court affirmed the judgment of sentence, and Lyszkowksi has not initiated any federal proceeding challenging his sentence.

[6] When probation officers act in an executive capacity, i.e., "charg[ing] [a defendant] with wrongdoing and present[ing] evidence to that effect," they "are not entitled to absolute [quasi-judicial] immunity from suit, but only to a qualified, good-faith immunity."  Harper v. Jeffries, 808 F.2d 281, 284 (3d Cir. 1986).  Because the allegation against Silvestri relates to her presentation of evidence against Lyszkowski, she was likely acting in an executive capacity and not entitled to quasi-judicial immunity.  Thus it appears that the District Court erred by dismissing Lyszkowksi's claims on that basis before considering whether Silvestri's conduct met the standard for qualified immunity.  Harper, 808 F.2d at 284.