**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 19 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

LARRY DON MAYNARD,

     Plaintiff - Appellant,

vs.

SHARON CASEBOLT; RENEE
SWOPE; DENISE CALE; J.R.
PEARMAN,

     Defendants - Appellees.

No. 96-5186
(D.C. No. 96-CV-559-K)
(N.D. Okla.)

ORDER AND JUDGMENT[*]

Before BRORBY, EBEL, and KELLY, Circuit Judges.[**]

Plaintiff Larry Don Maynard appeals the dismissal of his action under 42 U.S.C.

§ 1983, in which he alleged that Oklahoma state court personnel violated the First and

Fourteenth Amendments by conspiring to deprive him of the records and transcripts

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

necessary to appeal his 1991 conviction in Osage County, Oklahoma. We exercise jurisdiction under 28 U.S.C. § 1291, and reverse and remand.

After a jury trial resulted in his conviction in March 1991, Mr. Maynard filed a notice of appeal and designation of record with the trial court on April 18, 1991. The Oklahoma Court of Criminal Appeals granted Mr. Maynard four extensions of time, giving him until January 31, 1994 to file his brief. The court finally dismissed Mr. Maynard's appeal after he failed to file his brief by that date. Mr. Maynard's § 1983 complaint in this case details his efforts to obtain a "complete record" in order to prosecute his appeal to the Court of Criminal Appeals, and he alleges that the Defendants' delay in producing the necessary transcripts and records resulted in the dismissal of his appeal. His complaint also notes that in fall 1994, during his collateral challenge to his conviction in the federal district court, the Defendants finally produced the requested records pursuant to the district court's order.

The district court in this case noted that Mr. Maynard's action accrued on January 31, 1994, when the period to prosecute his appeal expired, and that he did not file his § 1983 action until June 21, 1996. The district court thus applied Oklahoma's two-year statute of limitations, Okla. Stat. Ann. tit. 12, § 95(3) (West Supp. 1997), and dismissed Mr. Maynard's claim as frivolous. See 28 U.S.C. § 1915A(a)-(b) (a district court shall review, before docketing or as soon as practicable, a civil rights complaint by a prisoner seeking redress from a governmental entity, and may dismiss the complaint if it is

frivolous, malicious, or fails to state a claim upon which relief may be granted). On

appeal, Mr. Maynard argues that pursuant to Okla. Stat. Ann. tit. 12, § 96, the statute of

limitations should have been tolled because he was under a legal disability, to wit, mental

incapacity. We review the district court's determination for an abuse of discretion.

Fratus v. Deland, 49 F.3d 673, 674 (10th Cir. 1995) (applying abuse of discretion

standard to district court determination that plaintiff's § 1983 claim was time-barred and

therefore frivolous under 28 U.S.C. § 1915(d)). We note also that the statute of

limitations is an affirmative defense. The district court may consider affirmative defenses

sua sponte when the defense "is obvious from the face of the complaint" and "no further

factual record [is] required to be developed." Id. at 674-75 (quoting Yellen v. Cooper,

828 F.2d 1471, 1476 (10th Cir. 1987)).

No statute of limitations is expressly provided for claims under § 1983, but the

Supreme Court has held that we must look to state law for the appropriate period of

limitations in § 1983 cases. Wilson v. Garcia, 471 U.S. 261, 266-67 (1985). This court

has determined that the appropriate period of limitations for § 1983 actions brought in the

State of Oklahoma is two years, pursuant to Okla. Stat. Ann. tit. 12, § 95(3). Meade v.

Grubbs, 841 F.2d 1512, 1522-24 (10th Cir. 1988).

The Supreme Court has also held, however, that in addition to the limitations

period, the "closely related questions of tolling and application" are also governed by

state law. Wilson, 471 U.S. at 269. In this case, Oklahoma's two-year limitations period

may be tolled until one year after the removal of a disability if the "person entitled to bring an action . . . at the time of the cause of action accrued, [was] under any legal disability . . . ." Okla. Stat. Ann. tit. 12, § 96. Under Oklahoma law, the term "legal disability" may include mental incapacity. See Walker v. Pacific Basin Trading Co., 536 F.2d 344, 347 (10th Cir. 1976) (holding that the term "legal disability" in Oklahoma Stat. Ann. tit. 12, § 96, may include mental incapacity); Robertson v. Robertson, 654 P.2d 600, 606 (Okla. 1982) (determining that the term "legal disability" contained in Okla. Ann. tit. 12, § 94, includes mental incapacity). The district court did not inquire into whether Mr. Maynard may have been mentally incapacitated at the time his action accrued, despite the fact that Mr. Maynard's complaint details a long history of mental illness. It appears from materials accompanying Mr. Maynard's complaint that beginning in 1986 he received disability benefits from the Social Security Administration as a result of his mental incapacity; that in 1988-89 he was twice found incompetent to stand trial on criminal charges; and that in 1994 he was transferred to the mental health unit of the correctional facility where he is currently incarcerated.

It thus appears from the face of the complaint that Oklahoma's two-year statute of limitations may not bar Mr. Maynard's claim. We find that the district court's sua sponte dismissal of Mr. Maynard's complaint was an abuse of discretion. Although we decline to address its applicability in the first instance, we note that our holding does not preclude

a finding that Mr. Maynard's cause of action may be barred under the rule announced in

Heck v. Humphrey, 114 S. Ct. 2364 (1994).

REVERSED AND REMANDED.  The mandate shall issue forthwith.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge